THE PEOPLE OF THE STATE OF ILLINOIS , Plaintiff-Appellant, v.
PATRICK O. HICKS, Defendant-Appellee.

Fifth District   No. 5—87—0412

Opinion filed February 6, 1989.

HARRISON, J., dissenting.

Don Sheafor, State's Attorney, of Vandalia (Kenneth R. Boyle, Stephen
E. Norris, and Kathy J. Geer, all of State's Attorneys Appellate Prosecu-
tor's Office, of counsel), for the People.

Daniel M. Kirwan and E. Joyce Randolph, both of State Appellate De-
fender's Office, of Mt. Vernon, for appellee.

PRESIDING JUSTICE WELCH delivered the opinion of the court:

This is an appeal from an order entered on May 4, 1987, in the circuit court of Fayette County granting defendant's motion to suppress certain evidence.

On February 9, 1987, defendant was charged and arrested for the offense of burglary. After being taken into custody at the Fayette County jail, defendant was advised of his *Miranda* rights pursuant to *Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 88 S. Ct. 1602, at which time defendant exercised his right to remain silent. On February 10, 1987, defendant appeared in court, at which time counsel was appointed to represent him in defending the burglary charge.

At the time of defendant's arrest for burglary, he was currently on mandatory supervised release as part of a previously imposed sentence for an unrelated crime. Defendant was returned to Graham Correctional Center for violating the terms of his parole. While being transported by a deputy sheriff from Fayette County jail to the correctional center in Hillsboro, Illinois, on February 11, 1987, defendant voluntarily began offering information pertinent to the burglary for which defendant had been charged. The deputy responded that he was unable to talk with the defendant about the burglary because an attorney had been appointed to represent him. The deputy's reminder notwithstanding, defendant made further comment regarding the burglary charge.

Shortly thereafter, while the deputy and defendant continued driving toward Hillsboro, they passed the scene of another recent burglary, at which time the deputy inquired as to what defendant knew about that burglary. In response, defendant offered incriminating information, the admissibility of which is the subject of this appeal.

■ While the ruling of the trial court suppressing defendant's incriminating statement does not specify which of defendant's rights were violated, the parties do not now dispute that the sixth amendment right to counsel is not brought into issue in this appeal because a defendant's right to counsel under the sixth amendment does not attach until a defendant has been charged for a crime. (U.S. Const., amend. VI; see *People v. Martin* (1984), 102 Ill. 2d 412, 466 N.E.2d 228.) Thus, the question we are asked to review is whether defendant's right to counsel arising under the fifth amendment was violated. U.S. Const., amend. V.

■ Defendant in the instant case relies on *United States ex rel. Espinoza v. Fairman* (7th Cir. 1987), 813 F.2d 117, *cert. denied* (1987), 483 U.S. 1010, 97 L. Ed. 2d 745, 107 S. Ct. 3240, for the prop-

osition that when an accused invokes his fifth amendment right to counsel there can be no further questioning of that defendant, even where the further inquiry relates to a crime other than that for which defendant is currently in custody. However, this does not hold true in cases where, as in the instant case, the defendant initiates further questioning after having once been afforded the protection of an attorney—either through court appointment or at the defendant's request. *Arizona v. Roberson* (1988), 486 U.S. 675, 100 L. Ed. 2d 704, 108 S. Ct. 2093.

In *Roberson*, the Supreme Court expanded the holding of *Edwards v. Arizona* (1981), 451 U.S. 477, 68 L. Ed. 2d 378, 101 S. Ct. 1880, to bar police-initiated interrogation following a suspect's request for counsel in the context of a separate investigation. Taking language from *Edwards* (451 U.S. at 484-85, 68 L. Ed. 2d at 386, 101 S. Ct. at 1885), the *Roberson* Court stated that "[s]urely there is nothing ambiguous about the requirement that after a person in custody has expressed his desire to deal with the police only through counsel, he 'is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police.'" (486 U.S. at ___, 100 L. Ed. 2d at 714, 108 S. Ct. at 2098.) The *Roberson* Court applied this language to prohibit police interrogation of a defendant who had requested the assistance of counsel, even when such interrogation pertained to a crime separate from that for which defendant was in custody.

The *Roberson* Court did not specifically state to what extent authorities may resume interrogation once a defendant has himself initiated "further communication, exchanges, or conversations" with the police. (486 U.S. at ___, 100 L. Ed. 2d at 714, 108 S. Ct. at 2098.) This is the crux of the present case. At the suppression hearing, the trial court heard testimony indicating that, after counsel had been appointed to represent him, defendant initiated conversation with an officer pertaining to the crime for which the defendant was in custody. Indeed, the defendant continued to speak even after being reminded by the officer that the officer could not discuss the crime with defendant because an attorney had been appointed to represent defendant. After defendant's persistent initiation of conversation regarding the crime for which he was in custody, the officer inquired as to what defendant knew about an unrelated crime. Defendant's incriminating remarks followed and became the subject matter of the suppression hearing herein under review.

■■■ Defendant does not now deny that he attempted to initiate

conversation pertaining to the crime for which he was in custody. Instead, he asserts that his initiation of conversation pertained to only one crime and the officer's question pertaining to an unrelated crime was therefor impermissible. We disagree.

A defendant's request for counsel raises the presumption that he is unable to proceed without a lawyer's advice. (*Michigan v. Mosley* (1975), 423 U.S. 96, 46 L. Ed. 2d 313, 96 S. Ct. 321.) As discussed above, the *Roberson* Court ruled that a defendant's request for counsel should apply to any questions the police wish to pose. In *Roberson*, the defendant's unwillingness to answer any questions without the advice of counsel, without limiting his request for counsel, indicated that the defendant did not feel sufficiently comfortable with the pressure of custodial interrogation to answer questions without an attorney. (486 U.S. at ____, 100 L. Ed. 2d at 715, 108 S. Ct. at 2099.) The Court went on to state that "[t]his discomfort is precisely the state of mind that *Edwards* presumes to persist unless the suspect himself initiates further conversation about the investigation; unless he otherwise states, *** there is no reason to assume that a suspect's state of mind is in any way investigation-specific." (486 U.S. at ____, 100 L. Ed. 2d at 715, 108 S. Ct. at 2099.) So too, in the instant case, there is no reason to assume that the defendant's state of mind was investigation-specific. Therefore, we find that the defendant's voluntary waiver of his right not to be interrogated without having a counsel present was not limited to a specific crime, and the incriminating information offered by defendant should not have been suppressed.

For these reasons, the order of the circuit court of Fayette County is hereby reversed.

Reversed.

HOWERTON, J., concurs.

JUSTICE HARRISON, dissenting:

When defendant was arraigned on the initial burglary charge, an attorney was appointed to represent him. By accepting this appointment, defendant invoked his fifth amendment right to counsel. (*United States ex rel. Espinoza v. Fairman* (7th Cir. 1987), 813 F.2d 117, 126, *cert. denied* (1987), 483 U.S. 1010, 97 L. Ed. 2d 745, 107 S. Ct. 3240.) As long as defendant remained in continuous physical custody, the police were therefore barred from initiating any further interrogation of him outside the presence of his lawyer. (*Edwards v. Arizona* (1981), 451 U.S. 477, 484-85, 68 L. Ed. 2d 378, 386, 101 S.

Ct. 1880, 1885.) This does not mean simply that they were precluded from inquiring about the initial burglary for which defendant had been arrested. It means that they should not have questioned him about any crime, including the second burglary. *Arizona v. Roberson* (1988), 486 U.S. 675, ____, 100 L. Ed. 2d 704, 716-17, 108 S. Ct. 2093, 2100-01.

The majority holds that defendant's fifth amendment right to counsel was waived. I disagree. Although there is no dispute that defendant offered certain information to the police on his own initiative, that information pertained exclusively to the crime with which defendant had already been charged. Defendant volunteered nothing about the second burglary. The second burglary was discussed by him only after the police specifically questioned him about it sometime later.

The majority simply *assumes* that because defendant was willing to waive his rights with respect to the first crime, he was willing to waive those rights generally. Such a view cannot be sustained. A court must presume that an individual has invoked the full extent of his right to counsel. (*United States ex rel. Espinoza v. Fairman* (7th Cir. 1987), 813 F.2d 117, 123, *cert. denied* (1987), 483 U.S. 1010, 97 L. Ed. 2d 745, 107 S. Ct. 3240.) It cannot indulge in any presumption that this right has been waived. For there to be a valid waiver of counsel, the waiver must not only be voluntary, but must also constitute a knowing and intelligent abandonment of a known right (*Edwards v. Arizona* (1981), 451 U.S. 477, 482, 68 L. Ed. 2d 378, 385, 101 S. Ct. 1880, 1884), and the burden of establishing a valid waiver rests with the State (*United States ex rel. Espinoza v. Fairman* (7th Cir. 1987), 813 F.2d 117, 123, *cert. denied* (1987), 483 U.S. 1010, 97 L. Ed. 2d 745, 107 S. Ct. 3240, citing *Michigan v. Jackson* (1986), 475 U.S. 625, 633, 89 L. Ed. 2d 631, 640, 106 S. Ct. 1404, 1409).

In this case I believe that the circuit court could properly have found that the State did not meet its burden. I would therefore affirm its order suppressing defendant's statements regarding the second burglary. Accordingly, I dissent.